SO ORDERED.

Dated: September 5, 2017

Daniel P. Collins, Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 Proceedings |
| **CHARLES RAY WILKSON, JR.**, Debtor. | Case No.: 3:17-bk-6061-DPC |
| | Adversary No. 3:17-ap-378-DPC |
| **CHARLES RAY WILKSON, JR.**, Plaintiff, | **Order Regarding Motion to Remand Removed State Court Litigation** |
| v. | **NOT FOR PUBLICATION** |
| **MARY MCLEAN**, Defendant. | |

On August 18, 2017, the Court conducted a hearing on Mary McLean's ("Ms. McLean") Motion to Remand to State Court certain litigation which Charles Wilkson, Jr. ("Debtor") previously removed to an adversary proceeding before this Court. Docket Entry ("DE") 3.[1] The Court considered arguments made by the parties in their pleadings as well as their oral arguments on August 18, 2017. The Court now concludes it is bound to give full faith and credit to the final judgment entered against Debtor by the Arizona Superior Court, Yavapai County ("State Court"). Debtor is precluded from re-litigating those issues previously resolved by that judgment.

**I.    Background**

Ms. McLean's son, Adam Krant ("Mr. Krant"), was diagnosed with heart failure in 2011. DE 3. While ill, he formed a relationship with the Debtor in which Debtor provided spiritual advice, healing, and other therapies. During this relationship, Mr. Krant transferred a number of valuable assets to Debtor including a house, three automobiles, personal property, and cash. *See*

---

[1] Unless otherwise specified, references to Docket Entries correspond to the docket in this adversary proceeding, **3:17-ap-00378-DPC.**

1

Order and Final Judgment ("Judgment"), DE 3, Exhibit 1. Mr. Krant passed away on March 16, 2015 following complications caused by his failure to take his prescribed medications. *See* Police Report, DE 1, Exhibit 9.

Following Mr. Krant's death, Ms. McLean filed a lawsuit in the State Court at Case No. V1300CV201580084 ("State Court Action"). In the State Court Action, Ms. McLean charged Debtor with financial exploitation of a vulnerable adult, sought to quiet title in the transferred house, and demanded the return of certain vehicles, real property, and cash.[2] After oral argument, the State Court granted summary judgment in favor of Ms. McLean for her claim of financial exploitation of a vulnerable adult. The State Court also quieted title to the house in favor of Ms. McLean, granted ownership of the vehicles to Ms. McLean, and awarded her two separate amounts for the cash and the cash value of the personal property. DE 3, Exhibit 1.

On May 31, 2017 ("Petition Date"), Debtor filed his bankruptcy petition before this Court. *See* Admin. DE 1 in 3:17-bk-06061-DPC. On July 5, 2017, he opened the instant adversary proceeding with a pleading titled Notice of Removal of Civil Cases in the Superior Court of Yavapai County. DE 1. Debtor's pleadings explain that the transfers he received from Mr. Krant were gifts. He partly describes his relationship with Mr. Krant and argues that he did not take advantage of him. He goes into some detail about the police investigation, provides quotations from the deposition of Ms. McLean, and concludes that Mr. Krant committed suicide. Debtor's document does not formally request any relief from the Court. Instead, Debtor quotes the removal statute for bankruptcy courts (28 U.S.C. § 1452), clearly opposes Ms. McLean's Motion for Stay Relief (filed at Admin. DE 19 on 6/21/2017), and explains that the house is now in a charitable trust in which Habitat for Humanity Verde Valley is the beneficiary. DE 1.

On July 13, 2017, Ms. McLean filed her Statement of Position re: Removal where she argues that the claims and causes of action in this adversary proceeding are not core proceedings

---

[2] The Court has not been provided with a copy of the complaint in the State Court Action. The Court is only aware of the charges addressed in the State Judgment.

2

and that she does not consent to this Court's jurisdiction. DE 2. On July 14, 2017, Ms. McLean filed her Motion to Remand to State Court, arguing that the litigation removed from State Court has been fully adjudicated and reduced to final judgment and should be remanded back to State Court. DE 3.

Ms. McLean raises multiple issues regarding the Court's jurisdiction over this matter. Specifically, Ms. McLean asserts that 1) the *Rooker-Feldman* doctrine applies; 2) the rendering of a final judgment by the State Court precludes this Court from re-hearing the matter; 3) that the State Court Action concerned mainly state law issues so this Court is precluded from re-adjudicating the matter; and 4) should this Court maintain this action, Ms. McLean will be greatly prejudiced. Because it is not clear whether the Debtor is requesting this Court to set aside the State Court Judgment and re-litigate the State Court Action, or whether he requests review of that same judgment, each is addressed herein.

**II. Analysis**

**A. The *Rooker-Feldman* Doctrine**

There is no complaint filed in the instant adversary proceeding. To the extent the Debtor is asking this Court to challenge and re-litigate the State Court Judgment because the Debtor is unhappy with the State Court's decision, the *Rooker-Feldman* doctrine cited by Ms. McLean applies. The *Rooker-Feldman* doctrine refers to two separate Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Garduno v. Autovest LLC*, 143 F. Supp. 3d 923, 926 (D. Ariz. 2015), the Court explained the *Rooker-Feldman* doctrine in explicit terms:

> Generally, "[t]he *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise,* 709 F.3d 890, 897 (9th Cir.2013). Applying this general rule consists of two steps. First, a court must determine if one of the claims in the federal case is "a forbidden de facto appeal of a state court decision." *Id.* If one of the claims is not a de facto appeal, the *Rooker–Feldman* inquiry ends and the case may proceed. *Id.* If one of the claims *does* constitute a de facto appeal, the

3

claim constituting that appeal is barred as is any claim "'inextricably intertwined' with the state court judicial decision." *Id.* To be clear, this "inextricably intertwined" test "is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker–Feldman* analysis." *Id. See also Moore's Federal Practice* § 133.33[2][e] (explaining *Rooker–Feldman* doctrine bars any claim that is a "de facto appeal" as well as any inextricably intertwined claim).

Under *Rooker–Feldman*, a federal court, in this case the Bankruptcy Court, does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). *Rooker* held that "when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Id*. at 1156. A forbidden de facto appeal exists where the federal plaintiff seeks to bring a direct challenge to the correctness of a state court's decision. *Id.* at 1161. Because the Debtor believes the State Court erred in its Judgment in favor of Ms. McLean and has now asked this Court to review that ruling, the Debtor seeks to pursue a forbidden de facto appeal in this Court.

Stated differently, the *Rooker-Feldman* doctrine applies where an appeal is taken from a state court to a lower federal court. *Lance v. Dennis*, 546 U.S. 459 (2006). Here, the Bankruptcy Court is a lower federal court. If the Debtor is unhappy with the outcome of the State Court's decision, there are appropriate avenues in which the Judgment can be reviewed, but this Court is not one of those avenues. An appropriate path would have been an appeal to the Arizona Court of Appeals but such appeal is now apparently time-barred.

**B. Issue Preclusion/Collateral Estoppel**

Even if *Rooker-Feldman* did not apply to this matter, principles of collateral estoppel and res judicata bar Debtor's action in this Court. In *In re Child*, the 9th Circuit BAP reversed the Bankruptcy Court's finding that a prior state court judgment had preclusive effect. In doing so, the BAP generally examined the doctrine of issue preclusion, specifically under Arizona law.

4

> The doctrine of issue preclusion, or collateral estoppel, prohibits relitigation of issues that have been adjudicated in a prior action. *Kirkland v. Barnes (In re Kirkland),* 2008 WL 8444824, at *7 (9th Cir. BAP Nov. 26, 2008) (citing *Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez),* 367 B.R. 99, 104 (9th Cir. BAP 2007)). The party asserting issue preclusion bears the burden of proof as to all elements and must introduce a sufficient record to reveal the controlling facts and the exact issues litigated. *Kirkland,* 2008 WL 8444824, at *7 (citing *Kelly v. Okoye (In re Kelly),* 182 B.R. 255, 258 (9th Cir. BAP 1995)).
>
> . . .
>
> The rules of federal and state comity require that federal courts give prior state judgments the same preclusive effect as the courts of the state court that rendered the judgment. 28 U.S.C. § 1738 (2012). As a matter of full faith and credit, a federal court must determine the preclusive effect of a prior state court judgment by applying the issue preclusion law of the state of the court that rendered the prior judgment. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. at 81, 104 S.Ct. 892; *Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 993 (9th Cir.2001); *Branam v. Crowder (In re Branam),* 226 B.R. 45, 51 (9th Cir. BAP 1998); *In re Nourbakhsh,* 67 F.3d at 800 (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)).

*In re Child*, 486 B.R. 168, 172 (B.A.P. 9th Cir. 2013).

The *Child* court set out the factors for issue preclusion under Arizona law, citing *Chaney Building Co. v. City of Tucson*, 148 Ariz. 571, 716 P.2d 28, 30 (1986), the seminal decision for issue preclusion under Arizona law.

> . . . [I]ssue preclusion is applicable when:
>
> (1) the issue or fact to be litigated **was actually litigated** in a previous suit,
> (2) a final judgment was entered, and
> (3) the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter,
> (4) **and actually did litigate it,** [and]
> (5) such issue or fact was essential to the prior judgment.

*Id.* at 172–73 (emphasis in original).

Here, all of the requisite factors for issue preclusion are met. Ms. McLean and Debtor have fully litigated the issues presented to this Court in this adversary proceeding. The State Court entered its final Judgment after briefing and oral argument on summary judgment. The

1 appeal period has run. Debtor is now precluded from attempting to re-litigate in this Court the
2 very issues already decided by the State Court.

### C. Claim Preclusion/Res Judicata

Additionally, this Court lacks jurisdiction over this action because the claims raised herein are barred by the doctrine of claim preclusion. A party cannot bring a claim if a "court of competent jurisdiction has rendered a final judgment on the merits of the claim in a previous action involving the same parties or their privies." *Siegel v. Federal Home Loan Mortgage Corp.,* 143 F.3d 525, 528 (9th Cir.1998) (quoting *Robertson v. Isomedix, Inc. (In re Int'l Nutronics),* 28 F.3d 965, 969 (9th Cir.1994)).

Claim preclusion (res judicata) applies "where: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits." *Rein v. Providian Fin. Corp.,* 270 F.3d 895, 899 (9th Cir.2001) (citing *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001); *Siegel,* 143 F.3d at 528–29).

Here, all of the elements of claim preclusion are present. First, the State Court Action and the action before the Bankruptcy Court involve both the Debtor and Ms. McLean. Second, the State Court had the power to hear and decide the motion for summary judgment and award relief related to that action, and did in fact render a judgment on the merits. Lastly, the Debtor is asserting the very claims before this Court as he did in the State Court. Because all the necessary elements of claim preclusion are satisfied, res judicata bars this Court from further reviewing the State Court Judgment.

### D. Full Faith and Credit

Judicial proceedings of any court "shall have the same full faith and credit in every court of the United States . . . as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. Federal courts "must give state court judgments the same preclusive effect that those

judgments would enjoy under the law of the state in which the judgment was rendered." *In re Jung Sup Lee*, 335 B.R. 130, 138 (B.A.P. 9th Cir. 2005) (citing *Far Out Productions, Inc. v. Oskar,* 247 F.3d 986, 993 (9th Cir.2001)). Therefore, even if *Rooker-Feldman* did not apply in this case, the Court would be required to give full faith and credit to the State Court Judgment as it currently exists. The full faith and credit accorded to judicial proceedings and their outcomes bars the Bankruptcy Court from reviewing the State Court Judgment.

**III. Conclusion**

This Court is bound by principles of comity to give full faith and credit to the Judgment of the State Court. Because the Debtor seeks a de facto appeal of the State Court's Judgment, the *Rooker-Feldman* doctrine applies in this case. Further, the doctrines of issue and claim preclusion prevent further litigation in this Court of matters already fully litigated before the State Court. If it appears a bankruptcy court lacks subject matter jurisdiction over a case removed to the Bankruptcy court, the case must be remanded. 28 U.S.C. § 1447(c); *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). For these reasons,

**IT IS ORDERED** remanding the State Court Action to the State Court for any and all further proceedings.

**So ordered.**

**SIGNED AND DATED ABOVE.**

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to interested parties.